## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0161** (Marion County 11-F-19)

**Anthony Raddish,**
**Defendant Below, Petitioner**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner Anthony Raddish, by counsel Heidi M. Georgi Sturm, appeals the Circuit Court of Marion County's "Sentencing Order" entered on November 22, 2011, sentencing him to confinement for thirty-six years with credit for time served in jail. The State of West Virginia, by counsel Scott Johnson, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on two counts of delivery of a controlled substance within one thousand feet of a school, one count of delivery of a controlled substance, and one count of conspiracy to commit a felony. A jury convicted petitioner on all four counts and he was sentenced to confinement for thirty-six years with credit for time served in jail.

First, petitioner argues the trial court erred in permitting the lead investigator to be present during the trial which may have caused witnesses to modify their testimony to limit or prevent their exposure to potential criminal liability. Second, petitioner argues the comments made by a juror during *voir dire* potentially influenced other jurors to not consider a potential witness's statements as credible. Next, petitioner alleges the number of pills he sold was not clearly shown to the jury. The State argues petitioner failed to object to these assignments of error and alternatively stated that he did not object to the juror panel, the introduction of the pills, or the crime lab report.

Petitioner's first three assignments of error will be addressed together. This Court has stated:

> To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court, on

1

pain that, if they forget their lines, they will likely be bound forever to hold their peace.

*State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996). Because petitioner failed to raise the issues below, this Court declines to address the same here.

Petitioner next argues the trial court erred in refusing his missing witness instruction because he was unable to contact a confidential informant in preparation for trial. The State argues that petitioner failed to show what steps his counsel took to locate the informant or what steps she requested of the State to secure the attendance. The State adds that the case was centered around the lead detective's testimony because he purchased the drugs from petitioner. In refusing to give petitioner's missing witness instruction, the trial court stated, "[petitioner has] an affirmative duty to present evidence that [the State] had a witness and that the witness was within their control and availability and that you [did not] have the ability to call that witness yourself. And I think you probably knew that witness's identity. . . . So you could have called him yourself."

"As a general rule, the refusal to give a requested jury instruction is reviewed for an abuse of discretion. By contrast, the question of whether a jury was properly instructed is a question of law, and the review is *de novo*." Syl. Pt. 1, *State v. Hinkle*, 200 W.Va. 280, 489 S.E.2d 257 (1996). Further,

> [a] trial court . . . has broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion. Syl. Pt. 4, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, in part, *State v. Kendall*, 219 W.Va. 686, 639 S.E.2d 778 (2006). Under these standards and based upon our review of the record, we find no error in the trial court's refusal to instruct the jury on a missing witness.

Finally, petitioner argues there was insufficient evidence to convict him of a conspiracy. Petitioner argues it is unjust to be convicted of a conspiracy when none of his co-conspirators testified as to the conspiracy and any information related to the conspiracy was not provided to him prior to trial. The State argues the evidence at trial was sufficient to support petitioner's conviction because the lead detective testified he initially contacted petitioner to purchase cocaine, petitioner instructed the detective to contact one of his co-conspirators, and gave him a telephone number. The State adds the indictment set forth the conspiracy charge.

We have held that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury

2

might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). The jury was presented with evidence that petitioner instructed the lead detective to contact a co-conspirator in order to purchase cocaine, which he ultimately did and the indictment set forth the charge for conspiracy. For these reasons, the Court finds the evidence was sufficient to support petitioner's conviction.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II